UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

|  |  |  |
|---|---|---|
| ROBERTA H. HARRELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6:19-cv-00185-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| CRACKER BARREL OLD COUNTRY STORE, INC., | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Roberta Harrell claims she tripped over a box that was laying on the floor while she was browsing through a Cracker Barrel gift shop. Defendant Cracker Barrel argues that Ms. Harrell's fall was not their fault and asks the Court to grant its Motion for Summary Judgment because there is no evidence that Cracker Barrel was negligent. [R. 44.] For the reasons set forth herein, Cracker Barrel's motion will be DENIED.

**I**

This case involves a fall and subsequent injury that occurred inside the Cracker Barrel Old Country Store in Middlesboro, Kentucky. [R. 1 at 2.] On August 14, 2018, Ms. Harrell alleges that while she was walking around the gift store portion of the Middlesboro Cracker Barrel, her feet became entangled in a box that was hidden from her view but protruding into the walkway from under a table. *Id.* at 3. Although Ms. Harrell attempted to brace herself, she fell to the floor. *Id.* Ms. Harrell claims that another customer in Cracker Barrel saw Ms. Harrell trip on the box. [R. 53 at 3.] After the incident, two Cracker Barrel employees investigated the matter, and the store manager took photos of the aisle where Ms. Harrell fell. [R. 44-1 at 4.]

Cracker Barrel states that the internal investigation revealed that Cracker Barrel's aisles complied with ADA requirements and that no Cracker Barrel employee saw a box "in the middle of the aisle following this incident." *Id.* at 4.

On July 30, 2019, Ms. Harrell filed a complaint, arguing that as a direct and proximate result of her fall, she (1) sustained severe injuries including fractures to her right femur in four places; (2) underwent extensive surgery and had to spend nearly thirty-eight days in the hospital and endured lengthy rehabilitation; (3) incurred extensive medical expenses and is likely to incur continued medical expenses into the future; (4) has been unable to work which has resulted in lost wages and the injuries destroyed her future earning capacity; and (5) has endured physical, mental, and emotional pain and suffering as a result of the accident and injuries and will continue to endure pain and suffering.  [R. 1 at 3.]  Ms. Harrell claims that Cracker Barrel was negligent, and she is seeking compensatory and punitive damages.  *Id.* at 6.

On May 10, 2021, Cracker Barrel filed this motion for summary judgment.  [R. 44.] Cracker Barrel argues that it cannot be held liable in this negligence action because it did not breach its duty of care.  [R. 44-1 at 8.]  Specifically, Cracker Barrel argues that (1) Cracker Barrel did not place a wooden box or crate in the aisle where Ms. Harrell fell, and therefore did not created the hazardous condition alleged by Ms. Harrell; and (2) Cracker Barrel did not know nor should have known that there was a box in the aisle.  *Id.* at 9–11.  Cracker Barrel asks the Court to grant its motion and dismiss with prejudice all claims by Ms. Harrell against Cracker Barrel.  *Id.* at 12.  This motion, having been fully briefed, is ripe for review.

## II

### A

Summary judgment is appropriate when the pleadings, discovery materials, and other documents in the record show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). "A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows 'that a reasonable jury could return a verdict for the nonmoving party.'" *Olinger v. Corp. of the Pres. of the Church*, 521 F. Supp. 2d 577, 582 (E.D. Ky. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). The moving party bears the initial burden of demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). The movant may satisfy its burden by showing "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325. Once the movant has satisfied this burden, the non-moving party must go beyond the pleadings and come forward with specific facts demonstrating there is a genuine issue in dispute. *Hall Holding*, 285 F.3d at 424 (citing *Celotex Corp.*, 477 U.S. at 324).

The Court then must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251–52). In making this determination, the Court must review the facts and draw all reasonable inferences in favor of the non-moving party. *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001).

This action is in federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Because Kentucky is the forum state, its substantive law will be used. *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir.2006) (citations omitted). However, federal procedural law will govern as applicable, including in establishing the appropriate summary judgment standard. *Weaver v. Caldwell Tanks, Inc.*, 190 F. App'x 404, 408 (6th Cir. 2006).

To prevail on a negligence claim in Kentucky, the plaintiff must prove that the defendant (1) owed the plaintiff a duty of care, (2) the defendant breached the standard of care by which his or her duty is measured, and (3) that the breach was the legal causation of the consequent injury. *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88–89 (Ky. 2003); *Wright v. House of Imports, Inc.*, 381 S.W.3d 209, 213 (Ky. 2012). The element of duty is a question of law for the court to decide, breach and injury are questions of fact for the jury to decide, and causation is a mixed question of law and fact. *Pathways, Inc.*, 113 S.W.3d at 89 (citing *Deutsch v. Shein*, 597 S.W.2d 141, 145 (Ky. 1980)). Consequent injury under the third prong is separated into two distinct elements: "actual injury or harm to the plaintiff *and* legal causation between the defendant's breach and the plaintiff's injury." *Id.* at 88–89.

"Under Kentucky law, a property owner, such as Defendant, must exercise reasonable care to protect invitees, such as Plaintiff, from hazardous conditions that the property owner knew about or should have discovered and the invitee could not be expected to discover." *Denney v. Steak N Shake Operations, Inc.*, 559 F. App'x 485, 487 (6th Cir. 2014) (citing *Lanier v. Wal–Mart Stores, Inc.*, 99 S.W.3d 431, 432–33 (Ky. 2003)). Generally, "conditions on the land that are not unreasonably dangerous do not implicate the land possessor's duty of care, and thus injuries arising from such conditions cannot give rise to the possessor's liability." *Dunn v. Wal-Mart Stores East, Ltd. P'ship*, 724 F. App'x 369, 374 (6th Cir. 2018) (citing *Grubb v. Smith*,

4

523 S.W.3d 409, 417 (Ky. 2017) (as modified Aug. 24, 2017)).  However, "the Kentucky Supreme Court has clarified that with the adoption of comparative negligence the landowner's 'duty exists regardless of the obviousness of the dangerous condition or the invitee's knowledge of the condition.'"  *Id.* (quoting *Goodwin v. Al J. Schneider Co.*, 501 S.W.3d 894, 897 (Ky. 2016)).

To prevail on its motion for summary judgment, therefore, Cracker Barrel must establish that there is a complete "absence of evidence," *Celotex Corp.*, 477 U.S. at 325, 106 S. Ct. 2548, that Cracker Barrel owed a duty to the customers within the restaurant, that Cracker Barrel breached its duty, and that Cracker Barrel's breach was a substantial cause of the accident.  If, however, there is any genuine dispute as to any material fact concerning the elements of duty, breach, and causation, such that a reasonable jury could find that Cracker Barrel was negligent, the Court cannot grant summary judgment to the movants.  *Anderson*, 477 U.S. at 255, 106 S. Ct. 2505.

**B**

In the motion for summary judgment, Cracker Barrel argues that it cannot be held liable for negligence because there is no evidence that Cracker Barrel breached its duty of care to Ms. Harrell.  [R. 44-1 at 8.]  Cracker Barrel argues that in Kentucky, in order to be liable for Ms. Harrell's injuries, Cracker Barrel must have either (1) created the alleged dangerous condition that caused her to fall, or (2) Cracker Barrel must have known or reasonably should have known about the alleged dangerous condition.  *Id.* (citing *Kroger Grocery & Baking Co. v. Diebold*, 124 S.W.2d 505, 507 (Ky. App. 1939)).

In arguing that Cracker Barrel did not create the alleged dangerous condition that caused Ms. Harrell to fall, Cracker Barrel argues that "there is absolutely no indication that Cracker

5

Barrel or its employees knew that there was a box in the middle of the aisle." *Id.* at 9.  To support its argument, Cracker Barrel states that "Visual Standards did not call for boxes to encroach into the aisleway," and pointed to the testimony of multiple Cracker Barrel employees who stated that they did not see anything visible that Ms. Harrell could have tripped on in the aisle.  *Id.*

In support of the argument that Cracker Barrel did not and could not have known that there was a box in the middle of the aisle, Cracker Barrel relies on the testimony of several Cracker Barrel employees, all of whom testified that they did not notice anything out of place around the location of the incident.  *Id.* at 10–12.  Furthermore, Cracker Barrel points to its internal investigation following the incident and the manager's photographs of the place where Ms. Harrell fell.  *Id.* at 4.  Defendants contend that the investigation revealed that the aisles complied with ADA requirements and no box was seen by any Cracker Barrel employee prior to the incident or following the incident.  *Id.*  Defendants also argue that a box could not have been located in the area where Ms. Harrell fell because the "planogram" (retail plan that Cracker Barrel provides detailing how exactly each display should be set up and explaining to employees how to display the merchandise) "did not call for boxes or crates to be placed on the floor as to protrude or encroach into the aisleways." *Id.* at 5.

In response, Ms. Harrell argues that "the record is replete with material issues of fact as to the actual circumstances surrounding Plaintiff's accident."  [R. 53 at 8.]  Ms. Harrell argues that Cracker Barrel's store manager was notified that Ms. Harrell had tripped over a box in the store within two hours of the accident.  *Id.*  Furthermore, Ms. Harrell argues that Cracker Barrel's marketing strategy and merchandise placement creates dangers to its customers, the photographs Cracker Barrel took of the area where Ms. Harrell fell were taken days after the fall,

6

and that Cracker Barrel did nothing to "preserve the scene" after the fall. *Id.* at 6.

This motion ultimately boils down to whether Cracker Barrel breached its duty of care to Ms. Harrell. Although Cracker Barrel questions whether Ms. Harrell did in fact trip over a box on the floor and whether it was Cracker Barrel's fault, Ms. Harrell has alleged sufficient facts to survive summary judgment. *See Denney*, 559 F. App'x at 487 ("Kentucky courts have most often found summary judgment inappropriate where a plaintiff can point to a discrete hazard on the floor.") First, Ms. Harrell alleges in her complaint that she "…became entangled in a box that was hidden from view but protruding into the walkway from underneath a table." [R. 1 at 3.] This situation is distinguishable from one in which an individual trips but is unable to identify the item she tripped over. *See Prescott v. Cracker Barrel Old Country Store, Inc.*, 2019 WL 11339792, at *3 (W.D. Okla. Mar. 11, 2019) (granting summary judgment for defendant when plaintiff was unable to identify "what object caused her to trip and fall").

Furthermore, Ms. Harrell testified under oath that she tripped over a wooden box, and video footage from the store's security cameras captured "movement of some foreign object on the floor consistent with Ms. Harrell's description of the accident." [R. 52 at 18; R. 53 at 2.] In addition, Ms. Harrell's daughter testified that her mother told her immediately following the fall that she had caught her foot on a box and fell, and that another customer told her that she had witnessed Ms. Harrell trip on a box. [R. 43 at 29–30; R. 53 at 3.] Cracker Barrel argues that Ms. Harrell did not share with employees at Cracker Barrel or her medical care providers that she had tripped over a box, and that this fact is detrimental to Ms. Harrell's case. [R. 44-1 at 3.] However, in response, Ms. Harrell argues that she was in extreme pain and therefore unable to think clearly immediately following the accident and this affected her ability to relate an accurate story. [R. 53 at 4.] Ms. Harrell also points to evidence that her daughter returned to Cracker

7

Barrel the following day to inform an employee at the restaurant that her mother had tripped over a box within the restaurant, and Ms. Harrell shared with a nurse practitioner on the day following her fall that she had tripped over a box within the Cracker Barrel restaurant. *Id.*

In Kentucky, almost anything can be considered unreasonably dangerous and best reserved for determination by a jury:

- A simple curb outside of an emergency room. *Ky. River Med. Ctr. v. McIntosh*, 319 S.W.3d 385, 394–95 (Ky. 2010).
- Wires on the floor next to a hospital bed. *Shelton* [*v. Ky. Easter Seals Soc., Inc.*], 413 S.W.3d [901,] 917–18 [(Ky. 2013)].
- Ice in a parking lot of a hotel. *Carter v. Bullitt Host, LLC*, 471 S.W.3d 288, 299–300 (Ky. 2015).
- Slipperiness of a wet hotel bathtub. *Goodwin v. Al J. Schneider Co.*, 501 S.W.3d 894, 899–900 (Ky. 2016).
- A small pothole between the pumps of a gas station. *Grubb* [*v. Smith*], 523 S.W.3d [409,] 421 [(Ky. 2017)].
- A pallet protruding from the bottom of a store display. *Veloudis v. Wal-Mart Stores E., Ltd. P'ship*, 2017 WL3499927, at *7–*8 (Ky. Ct. App. July 28, 2017).
- Uneven pavement. *Embry v. Mac's Convenience Stores, LLC*, 2014 WL 2640240, at *4 (Ky. Ct. App. June 13, 2014).
- A concrete flowerpot placed near an exit. *Rodgers v. Grant Cnty. Football Boosters*, 2017 WL 4570711, at *5–*6 (Ky. Ct. App. Oct. 13, 2017).

*Cundiff v. Worldwide Battery Co., LLC*, 835 F. App'x 117, 119 (6th Cir. 2021). In *Cundiff*, the Sixth Circuit reversed the district court's grant of a summary judgment motion after the plaintiff tripped over a battery in a Worldwide Battery shop that he claimed was "partially blocked from view' by a counter' and 'partially camouflaged by the black rug.'" *Id.* at 118. In reversing the district court, the Sixth Circuit held that "the unreasonableness and foreseeability of the risk of harm is normally a question for the jury to determine in deciding whether the defendant breached its duty of care in all but the rarest of circumstances." *Id.* at 119 (quoting *Dunn*, 724 F. App'x at 374). While the factual predicate of *Cundiff* differs from this case, the proposition that unreasonableness and foreseeability of the risk of harm is generally a question for the jury is

8

applicable here.

Ultimately, after analyzing the record and relevant case law, it cannot be said that there "is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). As discussed above, a number of material facts surrounding Ms. Harrell's fall within the Cracker Barrel restaurant are contested. Therefore, even though much of the evidence pertaining to Ms. Harrell's fall is contradicted or contested by Cracker Barrel's employee statements, post-incident investigation, and planogram, Ms. Harrell's evidence "is sufficient to meet the burden of overcoming summary judgment." *Purnell v. City of Akron*, 1992 WL 296714, at *3 (6th Cir. Oct. 15, 1992). "[T]he Kentucky Supreme Court has repeatedly and explicitly declared that, under comparative fault, the unreasonableness and foreseeability of the risk of harm is normally a question for the jury to determine in deciding whether the defendant breached its duty of care in all but the rarest of circumstances." *Dunn*, 724 F. App'x at 374. The Court finds, after making all reasonable inferences in favor of Ms. Harrell, that summary judgment is not appropriate in this case.

## III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** that Defendant Cracker Barrel's Motion for Summary Judgment **[R. 44]** is **DENIED**.

This the 5th day of August, 2021.

Gregory F. Van Tatenhove
United States District Judge

9